:reinstein decision.07/25/08.10

2008 JUL 28 PM 2:55

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:  Chapter 13 Proceedings

SUZANNE B. REINSTEIN,  Case No. 07-27045-jes

Debtor.

# DECISION

eCAST Settlement Corp. as assignee of FIA Card Services a/k/a Bank of America and also as assignee of GE Money Bank/Sam's Club (hereafter collectively referred to as "eCAST"), a creditor in the above-entitled chapter 13 case, has filed the following two claims:

1. Claim No. 8 in the amount of $1,236.24 filed on December 6, 2007 (the assignment from GE Money Bank/Sams Club); and

2. Claim No. 9 in the amount of $29,053.81 filed on December 6, 2007 (the assignment from FIA Card Services a/k/a Bank of America).

eCAST has objected to confirmation of the amended chapter 13 plan filed by Susan B. Reinstein, debtor in this chapter 13 case (hereafter "debtor").[1]

In its objection to the debtor's amended plan, eCAST contends that the debtor improperly calculated both her housing and transportation expenses and accordingly failed to apply all of her disposable income. The debtor's monthly housing expenses (for rent) totaled $640, but she deducted $712, which is the monthly housing allowance specified in the Local Standards. The

---

[1] eCAST also has filed two other claims in this case – Claim No. 7 for Citibank and Claim No. 10 for Household Bank. Neither of these claims is involved in this objection.

debtor's monthly transportation expenses (for her 2004 Hyundai Elantra automobile) totaled $95, and she deducted $471, which is the Local Standards monthly transportation allowance. The housing and transportation expenses used by the debtor have resulted in the debtor exceeding her actual housing and transportation expenses by $448 per month.

The debtor contends that she is entitled to claim the full amounts of housing and transportation expenses as allowed in the Local Standards even if they exceed her actual expenses. She denies she has improperly calculated these expenses.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(L), and this court has jurisdiction under 28 U.S.C. § 1334.

## STATUTORY REQUIREMENTS

11 U.S.C. § 1325(a) of the Bankruptcy Code sets forth the standards required for confirmation of a chapter 13 plan. 11 U.S.C. § 1325(b) permits a holder of an unsecured claim to object to confirmation if the debtor does not pay into the plan all "disposable income." 11 U.S.C. § 1325(b)(2) defines disposable income as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended" for the maintenance or support of the debtor and debtor's dependents.

The debtor in this case is an above-median income debtor, who is required to utilize § 1325(b)(3) to calculate her means test expenses set forth in § 707(b)(2) in determining what expenses are "reasonably necessary."

eCAST argues that a debtor can only deduct his or her actual expenses or the maximum limits allowed under § 707(b), whichever is less. The debtor takes issue with that contention.

-2-

There is a wide split of authority on this issue which has arisen since the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Some cases permit the debtor to take the entire allowance afforded for housing and transportation expenses specified in the Local Standard as fixed expenses, where the debtor's actual expenses are lower than those stated in the Local Standard. In re Carlton, 362 B.R. 402 (Bankr. C.D. Ill. 2007); In re Naslund, 359 B.R. 781 (Bankr. D. Mont. 2006); In re Owsley, 384 B.R. 739 (Bankr. N.D. Tex. 2008); In re Egbert, 384 B.R. 818 (Bankr. E.D. Ark. 2008)..

Opposing authority declares that the Local Standard is a cap only and a debtor can only use his/her actual housing and transportation expenses or the amounts stated in the Local Standard, whichever is less. In re Rezentes, 368 B.R. 55 (Bankr. D. Haw. 2007).[2]

### IS SEC. 707(b)(2)(A)(ii)(I) A CAP OR A FIXED ALLOWANCE?

eCAST asserts that the term "applicable" in § 707(b)(2)(A)(ii)(I)[3] refers to the debtor's actual monthly expenses and that the debtor can only utilize such expenses to the extent actually incurred. eCAST contends that the Local Standards are only a cap and not a fixed allowance.

---

[2] There is also a split of authority on a separate issue as to whether a debtor can take an allowance for housing and transportation expenses using the amount in the Local Standard where the debtor has no such expenses. Because that is not the case here, that issue need not be addressed.

[3] Section 707(b)(2)(A)(ii)(I) reads in part as follows:

(t)he debtor's monthly expenses shall be the debtor's **applicable** monthly expense amounts **specified** under the **National Standards** and **Local Standards**, and the debtor's **actual** monthly expenses for the categories specified as **Other Necessary Expenses** issued by the **Internal Revenue Service** for the area in which the debtor resides, as in effect on the **date of the order for relief** ... for the debtor ...."

-3-

The debtor, on the other hand, submits that the term "applicable" in the statute refers to the amounts listed in the Local Standards and not the amounts of the debtor's actual expenses.

When reference is made in this statute to the debtor's monthly expenses contained in the Local Standards (which includes housing and transportation expenses), the wording used is "<u>applicable</u> monthly expenses". By contrast, when reference is made in this same statute to "Other Necessary Expenses," the wording used is debtor's "<u>actual</u> monthly expenses." This distinction is significant. The specific difference in wording – namely, "applicable" for housing and transportation expenses" and "actual" for Other Necessary Expenses supports the debtor's argument that the housing and transportation expenses mean those expenses set for in the Local Standards, regardless of the debtor's actual expenses. What also cannot be overlooked is that § 707(b)(2)(A)(ii)(I) specifically states that: "The debtor's monthly expenses <u>shall</u> be the debtor's applicable monthly expense accounts specified under the . . . Local Standards." The use of the word "shall" is a further indication that those expenses contained in the Local Standards are to be used in calculating the expenses, regardless of the debtor's actual housing or transportation expenses. See <u>Kimbro</u> 2008 WL 2369141 (6th Cir. BAP Tenn).

In Wisconsin, U.S. District Judge William Griesbach in <u>In re Ross-Tousey</u>, 368 B.R. 762, 765 (E.D. Wis. 2007), while concluding that the debtor is not entitled to take any vehicle expenses because no vehicle expenses were incurred, stated the following:

> Instead of viewing "applicable" and "actual" as having virtually opposite meanings, another reading of the statute would allow a debtor to deduct the auto expense listed in the Standards *if* the debtor actually had an auto expense in the first place. This reading gives meaning to the distinction between "applicable" and "actual" without taking a further step to conclude that "applicable" means "nonexistent" or "fictional." Under this reading, it is true that the

-4-

Case 07-27045-svk    Doc 41    Filed 07/28/08    Page 4 of 7

> debtor's "actual" expense does not control the *amount* of the deduction, but the debtor must still have *some* expense in the first place before the Standard amount becomes "applicable." The term "applicable" merely means, in this context, that when a debtor has an automobile ownership expense, his deduction is not based on that actual expense but on the applicable expenses listed in the Standards.

Judge Griesbach's decision supports the debtor's position in the instant case because, unlike the facts in Ross-Tousey, the debtor has incurred some expenses in the first place, making the Local Standard amount applicable. See also In re Sawdy, 384 B.R. 199, 204 (E.D. Wis. 2008) (finding "compelling" Judge Griesbach's policy rationale and conclusion that a debtor must actually have incurred the expense in order to claim the amount in the Local Standard).

Bankruptcy Judge Eugene Wedoff in his scholarly article "Means Testing in the New Section 707(b)" 79 Am.Bankr. L.J. 231, 256 (Spring 2005), in addressing this issue, concluded:

> Because 707(b)(2)(A)(ii)(I) provides that the debtor's allowed expense deductions "shall be" the "amount specified" under the Local Standards – and because the statute makes no provision for reducing the specified amounts to the debtor's actual expenses – a plain reading of the statute would allow a deduction of the amounts listed in the Local Standards even where the debtor's actual expenses are less.

## EFFECT OF INTERNAL REVENUE MANUAL

eCAST also points out that § 5.15.1.7 of the Internal Revenue Manual states in its discussion of Local Standards that "Taxpayers will be allowed the Local Standard, or the amount actually paid, whichever is less." http://www.irs.gov/irm/part5/ch15s01.html. This language, although appearing in the IRS Manual, is absent from § 707(b)(2)(A)(ii)(I) of the Bankruptcy Code. If Congress intended that result for purposes of the means test calculations, it could easily have used

Case 07-27045-svk    Doc 41    Filed 07/28/08    Page 5 of 7

that language or similar wording in the bankruptcy statute, but chose not to do so. It did indeed use that wording in § 707(b)(2)(A)(ii)(IV), which is a separate section dealing with public or private school education expenses. However, that wording is absent from §707(b)(2)(A)(ii)(I).

Moreover, the IRS Manual is intended for use by IRS field agents in the collection of income taxes and negotiations with taxpayers which are aimed at resolving tax collecting disputes. In re White, 382 B.R. 751, 757 (Bankr. C.D. Ill. 2008). The IRS Manual serves an entirely different purpose from what is involved here. Even the IRS Manual itself, acknowledges this difference by its' declaration that "Expense information for use in bankruptcy calculations can be found on the website for the U.S. Trustee Program." http://www.irs.gov/individuals/article/0,,id=96543,00.html.

## CONCLUSION

This court finds itself aligned with those cases holding that the housing and transportation expenses contained in the Local Standards are fixed expenses and apply where a debtor has, in fact, incurred some housing and transportation expenses, even if the actual expenses are lower than the Local Standard expenses. Accordingly, the debtor in the case at bar is entitled to claim the full amounts of housing and transportation expenses provided in the Local Standard.

eCAST's objection to the debtor's amended chapter 13 plan filed on November 8, 2007 is **OVERRULED**.

This decision constitutes this Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

A separate order consistent with this decision shall be entered.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2008.

BY THE COURT:

_____
JAMES E. SHAPIRO
U. S. BANKRUPTCY JUDGE

c:
Edward W. Harness, Esq.
900 South 5th Street, Ste. 302
Milwaukee, WI 53204

David L. Freidberg, Esq.
1954 First Street, Ste. 164
Highland Park, IL 60035

Mary B. Grossman, Chapter 13 Trustee
740 North Plankinton Avenue, Ste. 400
Milwaukee, WI 53203